In the matter of the KNICKERBOCKER BANK.

The mere entitling of an order as granted at a special term, which by law may be made by a judge out of court, or the making of it by a judge when sitting at a special term, instead of when sitting at chambers, will not vitiate the order.

The United States Trust Company, having been appointed receiver of the Knickerbocker *Savings Institution*, brought a suit as such, against the Knickerbocker *Bank*, claiming that $115,000 was due by the latter to the former, while the bank disputed $49,000 of that claim. The Trust Company was subsequently appointed receiver of the *Bank*, also, and applied to the court for instructions.

*Held*, 1. That there was no impropriety in making the Trust Company receiver of both institutions.

2. That the Trust Company, as the receiver of both the Bank and the Savings Institution, and thus representing both debtor and creditor, had a right to apply to the court for instructions.

THE Knickerbocker Bank became insolvent, and application was made to one of the justices of this court, for the appointment of a receiver, under the act of 1849, ch. 226. The United States Trust Company was appointed receiver, by an order entitled as at special term. That company had been previously appointed receiver of the Knickerbocker *Savings Institution*, and in that capacity had sued the bank, and claimed that $115,000 were due by the bank to the savings institution, while the bank disputed $49,000 of that amount. The Trust Company, thus being receiver of both institutions, represented both the debtor and creditor, and applied to the court for instructions; and the court ordered a reference to William Kent, Esq. to take the evidence as to the amount due, and directed notice of the reference to be given to the three last presidents of the bank. From both of those orders the Bank appealed.

*Geo. F. Waters*, for the Bank.

*Charles H. Hunt*, for the Trust Company.

*By the Court*, MITCHELL, J. It is objected that the appointment of the receiver should have been by a judge at chambers, and not in court; and that the Trust Company being plaintiff in

a suit against the bank could not be a receiver of the bank. The mere entitling an order as at special term, which by law may be made before a judge, out of court, or the making of it by the judge when sitting at special term, instead of when sitting at chambers, does not vitiate the order. He has the power to make the order as a judge, and it detracts nothing from the force of the order made by him as a judge that he makes it at the special term, or entitles it as made at the special term. And if such an order is to be appealed from it is to be entered as if made at the special term. (*Code*, § 350.)

If the appointment of receiver was only for the purposes of the suit on behalf of the Savings Institution, there would be a manifest impropriety in making the Trust Company, acting for that institution, receiver also of the bank. But this was not the case. The receiver of the bank was to act for all the creditors of the bank, and was disinterested, except as to the one claim of the Savings Institution. The Trust Company was specially created by the legislature in part to aid suitors and the court, by assuming the exercise of trusts, when it might be difficult to get others to execute them (as in this case) on account of the largeness of the amount of security that would be required, and the difficulty of obtaining persons competent to give such security and to manage such affairs. More skillful persons to take charge of a trust like this, or more trustworthy, probably could not be found. The papers on the appeal show no objection to them ; nor that any others were even named. And as there is no unbending rule of law that one who is a creditor of an insolvent institution shall not be its receiver, the objection of the receiver falls to the ground.

The Trust Company being lawfully appointed receiver, and deriving its appointment from the court, or from a justice of the court, it had a right to apply to the court for instructions. And in no case could it be more proper for the receiver to make the application than when it was the representative of both creditor and debtor. It accordingly applied to the court for such instructions, and the court made the order of reference. It was useless to keep up the litigation in the form of the suit commenced ; for

even if that should be allowed to progress in the name of the bank as defendant, the receiver would be bound to act for the bank; and he could in that suit seek for instructions, such as he sought here. Some notice was proper to be given to such persons as would be most likely to take care of the rights of the bank; and none, probably, could be thought of more suitable for this purpose than the late presidents of the bank. If the appellants think that they can name any other persons who would take better care of the rights of the bank in controversy between it and the Savings Institution, there is nothing in the present order to prevent their obtaining leave to have such persons aid in the defense of the bank.

The two orders appealed from should be affirmed, with costs of $10 in each; saving the right to those interested in the bank to apply for leave to aid in the defense, before the referee, and in the subsequent proceedings.

[NEW-YORK GENERAL TERM, April 9, 1855. *Mitchell, Roosevelt* and *Clerke*, Justices.]