Where the defendant, by an order in the Supreme Court, in proceedings supplementary to execution, granted by a Justice of that court, in the first judicial district, was required to appear before the said Justice, (naming him,) or one of the other Justices of the said Supreme Court, and the defendant appeared before the said Justice first named on the return day, and an order of reference was made without objection to any irregularity in the order,
Held, assuming that the clause in the order to appear before the Justice making the order, or before one of the other Justices, etc., was an irregularity, it could not affect the substantial rights of the party; that'the alternative clause was mere surplusage, and especially that the party could not set up the objection by plea or demurrer in another action.
*688 The supplementary proceedings under section 292, et seq. sections of the Code, is a proceeding in an action to enforce a judgment, it is not a special proceeding within section 3 of the Code.
The true sense and interpretation of the 27th section of the Code appear to be this: A proceeding commenced in the first judicial district by any Judge competent to institute it therein may be continued in such district before any other Judge competent to have commenced it.
The case of the Knickerbocker Bank, (19 Barb. 602,) is authority decisive that an order, the title of which imports that it was made at Special Term, but actually made while the Judge was engaged in a trial, during an interval or interruption of it, is authorized and regular, although the order is one properly and ordinarily made at chambers.
When a Judge directs process, (viz., an attachment,) to issue, and has jurisdiction to so order, and when any Judge of the same court, who is found at the place designated in the attachment, on the day specified in it for appearing thereto, has jurisdiction, when the place and time to appear are distinctly pointed out in such process, the mere fact that the party is directed by it to be brought before the Judge when holding a court at Special Term, instead of before the Judge at chambers, does not render the proceeding or process void. (Reported in 15 How. Pr. R. 19.)