## EDMUND PHINNEY AND OTHERS, Appellants, *v.* EDMUND BROSCHELL AND OTHERS, Respondents.

*Order for publication of summons — must be made by a judge out of court — caption. of an order not controlling as to its character — when an order entitled at Special. Term may be shown to have been made out of court.*

On May 5, 1879, property of the defendants was levied on under an attachment. granted herein. On June 5th an order for service of the summons by publica- tion was made, which was entitled " at a Special Term of the Supreme Court of the State of New York, held at chambers," and was signed " Enter — A. R. L., *J. S. C.*" In fact, the order was made out of court, at the chambers of the. justice signing it.

*Held,* that the caption of the order and the direction to enter it were not conclu- sive as to its character, but that the court would look at the facts as proved by the papers to exist, and that as they showed that the order was, in fact, made by a judge out of court, and not by the court, it was valid, and a service of the summons by publication in pursuance thereof was effectual.

*Heishon* v. *Knickerbocker Life Ins. Co.* (MSS. Ct. of App.), distinguished.

APPEAL from an order made at Special Term, vacating an attachment.

On May, 9, 1879, a warrant of attachment was duly granted against the property of the defendants, and a levy made. As personal service of the summons on the defendants within this State could not be effected, an order for service by publication was obtained from Mr. Justice LAWRENCE on June fifth. That order was entitled " at a Special Term of the Supreme Court of the State of New York, held at chambers, at the new county court house, in the city of New York, on the 5th day of June, 1879. Present — Hon. ABRAHAM R. LAWRENCE, Justice, and was signed " Enter — A. R. L., *J. S. C.*" The order was, in fact, made and signed out of court, at the judge's private chambers. It is not disputed that publication was made in the designated papers, and all the other requirements of the order fulfilled. The motion to vacate was made and granted solely on the ground that the order for service of the summons by publication was made by the court and not by a judge, as required by the Code of Civil Procedure; that under the decision of the Court of Appeals, in *Heishon* v. *Knickerbocker Life Ins. Co.*, such an order must be considered as unauthorized.

*J. F. Mosher*, for the appellants. A court order under the present practice corresponds to a rule under the former practice in the courts of law, and to an order in courts of equity. (1 Burrill's Prac., 324; 1 Barb. Ch. Prac., 582.) The necessity of the actual entry of a court order still continues under the present practice. (General Rule 7, sub. 3; *People* v. *Central City Bank*, 53 Barb., 412, 416; *Whitaker* v. *Desfosse*, 7 Bosw., 678; *Star F. I. Co.* v. *Godet*, 2 J. & Sp., 359, 366; 1 Van Sant. Eq. Prac., 453.) When necessary to sustain the validity of the proceedings, the court will presume, and doubtless conclusively, that the order has been duly entered as directed. (*People* v. *Central City Bank*, *supra; Whitaker* v. *Desfosse, supra;* 1 Van Sant. Eq. Prac., *supra.*) But it does not follow that the court will make such a presumption to invalidate the proceedings. (*Lownds* v. *Remsen*, 7 Wend., 41; *Biggs* v. *Blue*, 5 McLean, 149; *Story* v. *Salomon*, 71 N. Y., 420, 422; *Bigelow* v. *Benedict*, 70 id., 202, 205; *Burbank* v. *Fay*, 65 id., 57, 66; *Hatcher* v. *Rochelau*, 18 id., 86, 91; *Whitaker* v. *Desfosse, supra.*) The title "at Special Term" does not give the order the character of a court order before entry. (*In re Knickerbocker Bank*, 19 Barb., 602; *Dresser* v. *Van Pelt*, 15 How. Pr., 19, 25, 26; *People ex rel. Caldwell* v. *Kelly*, 35 Barb., 444.) But if the court should be of opinion that the order of publication is drawn to be entered as a Special Term order, and that the judge had power to make it as an order of the court, then the order should be amended by striking out all of the caption preceding the words "at chambers," and the direction "enter" before the judge's signature at the foot. (*Viadero* v. *Viadero*, 7 Hun, 313; *Poppenhusen* v. *Seeley*, 3 Keyes, 150, 154; *Clark* v. *Dales*, 20 Barb., 42, 67; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 97; *Douglas* v. *Douglas*, 5 Hun, 140; *Disbrow* v. *Folger*, 5 Abb., 53; *Hogan* v. *Hoyt*, 37 N. Y., 300; *Produce Bank* v. *Morton*, 67 N. Y., 199; *Ingram* v. *Robbins*, 33 id., 409, 415; *Cook* v. *Whipple*, 55 id., 150, 166; *Jones* v. *U. S. Slate Co.*, 16 How. Prac., 129.)

*Coudert Brothers*, for the respondents. The Court of Appeals has recently held an order made by the court to be void, when the provisions of the Code contemplated an order by a judge.

(*Heishon* v. *Knickerbocker Life Ins. Co.*, 458, Alb. L. J., 7th June, 1879; see, also, *Bloom* v. *Burdick*, 1 Hill, 130; *Stanton* v. *Ellis*, 2 Kern., 575; *People* v. *Board of Police*, 6 Abb. Pr., 162; *Wortman* v. *Wortman*, 17 id., 66.'

*Per Curiam :*

It appears, by the papers in this case, that the order was, in fact, made by a judge out of court and in his private chambers, and the recitals of the order show that it was intended to be the order of the judge. The fact that a caption precedes the order is not at all conclusive as to its character. (*In re Knickerbocker Bank*, 19 Barb., 602.)

It is true the judge who made the order directed it to be entered, but the fact of giving that direction does not either affect the order or change its character ; it does not appear that the order was entered as an order of the court, and we are not to presume that it was for the purpose of discharging it, even if that presumption would be made if necessary to uphold it.

We think our duty is to look at the facts as they are really shown by the papers to have been, and they disclose that this order was not made by a court, but by a judge out of court. We think this case is distinguishable from *Heishon* v. *Knickerbocker Life Ins. Co.*, and that the attachment should not have been vacated.

The order should be reversed, with ten dollars costs and disbursements.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order reversed, with ten dollars costs and disbursements.