Angle, J.—Under
the Code of Procedure, § 297, a judge could, in supplementary proceedings, order any property of the judgment debtor, not exempt from execution, to be applied in satisfaction of the judgment, and by section 298 he could appoint a receiver with like authority as if the appointment were made by the court according to section 244 of the same code. Under these provisions it was held in Fenner v. Sanborn (37 Barb., 610, 612-13), that the title of a debtor to real estate situate out of the state would not, by virtue of the appointment of a receiver, vest in him so as to be effectual in the state where the land was situated, and that as the judge had power to order all property of the debtor, without qualification as to where it might be situated (except property exempt from execution) to be applied in payment of the judgment, and as such power could only be effectually executed by an order that the debtor execute to the receiver a conveyance of such property in such form as to be effectual to transfer the title according to the laws of the state where the property was, the judge had power to make such an order and to punish him for contempt if he refused to do so. Fenner v. Sanborn was approved in Clan Ranald v. Wykoff (41 Sup. Ct. R, 529), a case under the Code of Procedure, in which the court, upon the motion of the receiver, ordered the debtor to make an assignment of his property situated in another state.
The code of Civil Procedure, § 2464, gives to the judge power of “ appointing a receiver of the property of the judgment debtor,” but omits anything about the power of such receiver. A more important difference between the former Code and the present is, that by the former the judge had power to direct application of any property of the debtor (not exempt from execution), to the satisfaction of the judgment, and it was upon this provision that Fenner v. Sanborn was decided. I am not cited to any clause in the Code of Civil Procedure giving this power to the judge, nor have I been able to find any such provision, except as the appointment of a receiver itself works out such application under §§ 2447, 2449, 2450, 2464, 2465, 2466, 2467, 2469, 2470, 2471. The case of Fenner v. Sanborn is not now an authority for the power claimed, but on the contrary, the implication is that the present Code by omit *166 ting the clause, which in the former Code had been held to confer that power, has designedly witheld the power.
There is a still more important difference between supplementary proceedings under the Code of Procedure, and supplementary proceedings under the Code of Civil Procedure. Under the former, they were proceedings in the action in which the judgment was recovered on which they were founded, and they were said to be in the nature of new remedies or equitable rights arising by force of the statute in the actions in which the judgments were recovered, Wright v. Nostrand (94 N. Y., 45-6). They were expressly held not to be special proceedings, Dresser v. Van Pelt (15 How., 19; S. C., 6 Duer, 687), but as much proceedings in the action as the issuing of the execution upon the judgment. Wegman v. Childs, 41 N. Y., 163. Under the Code of Civil Procedure, they are “special proceedings.” Code Civ. Pro., §§ 2433, 3334, 3343, subd. 10; Champlin v. Stodart, 64 How, 378; Fisk v. Twig, 5 Civ. Pro. R., 41.
The proceedings in this matter were “special proceedings ” before the county judge under certain statutory provisions, and this court has no jurisdiction over or in them except as provided by statute, and such as it has by virtue of its general supervisory power over inferior jurisdictions. When such proceedings are before a county ■ judge, all the power which the Code gives this court, so far as I am cited, or am able to discover, are to review orders made in the course of such proceedings in certain cases, section 2433; to vacate or modify an injunction order as provided in section 2451; and it has concurrent jurisdiction with the judge or referee to punish as for contempt a person who refuses, or without sufficient excuse neglects.to obey an order of a judge or referee, or to attend before a judge according to the command of a subpoena, section 2457; it also has power in certain cases to control, direct or remove a receiver, or to subordinate the proceedings in or by which the receiver was appointed, section 2466; and under section 2471 a receiver is subject to the discretion and control of the court out of which the execution issued. I have not found any provision of the present Code, or any authority under it, which gives this court the power to interfere in proceedings before a county judge and direct the debtor to make an assignment to a receiver of his lands situate in another state, and that part of the motion asking for such order is denied.
The county judge has already made such an order, and under section 2457 this court has concurrent jurisdiction with that judge to punish as a contempt a refusal to comply with it if the judge had power to make the order.
*167 I need not consider whether the exercise of this concurrent power would be judicious without any reason being given why the jurisdiction in which the proceeding is pending, and which is equal to that of this court in this regard is not so invoked. As already seen, the statutory provision under which Fenner v. Sanborn, held that the county judge had power to order such an assignment, no longer exists. Since that decision, and as part of the same process by which the change from “ supplementary proceedings in an action” to “special proceedings” was made, that provision has been eliminated. As above suggested, the process provided for vesting in the receiver the real estate of the debtor is under section 2468, which declares that “ real property is vested in the receiver only from the time when the order, or a certified copy thereof, as the case may be, is filed with the clerk of the county in which it is situated.” The order, with the filing of it, appear to be the statutory transfer of the real estate of the debtor to the receiver, and to be the only transfer the statute provides for.
In Ross v. Wigg (39 Hun, 654), the general term in the fourth department say, with reference to the declaration in the Code of Civil Procedure that the remedies provided by section 2432 were “special proceedings.” “We do not regard this declaration of the legislature as indicative of any intent to change the character of the proceedings or as in any way diminishing the force of section 4, chapter 96, Laws 1857.” In that case the question was whether the changes in the Code had ousted the recorder of the city of Oswego from jurisdiction under said section 4 and which under that section he had previously exercised in supplementary proceedings. I do not regard the above quoted sentence as an adjudication that the change from “proceedings in an action” to a “special proceeding” is not a change in the nature and character of the proceedings in the case and for the purposes I am considering. That it was not such a change as defeated the jurisdiction of the recorder was all that the court decided, or, I suppose meant to decide. One of the controlling points in Wright v. Nostrand (supra) was in the distinction between regarding such proceedings as proceedings in an action and regarding them as special proceedings.
There is in our own department a case of some bearing upon the question. In Mason v. Hackett (35 Hun, 238), a county judge had made an order in supplementary proceedings on a docketed justice’s judgment for $20 damages and $7.85 costs—$27.85; upon which an execution had been issued and returned unsatisfied. A motion was made before the judge to vacate his order for examination, which *168 he denied, and held that, when section 2458, • which provided that, in order to entitle a judgment creditor to take such proceedings, “the judgment must have been rendered * * * for a sum not less than twenty-five dollars, exclusive of costs,” was modified in 1881 by striking out the words “exclusive of costs,” it was no longer necessary that the judgment should be for twenty-five dollars, exclusive of costs; but the general term reversed this, on the ground that the judgment being for less than twenty-five dollars, exclusive of costs, it was not a hen on real estate; and the court say : “Whenever the proceedings result in the appointment of a receiver, the title of all his (the debtor’s) real estate passes in trust to that officer without any assignment or other conveyance by the debtor. Sec- ■ tians 2464, 2468. We think it clear that it was not the intention of the legislature to devote the debtor’s property to the payment of judgments against him unless they, by the same statute, become liens thereon.” If this be sound (and the court held it sufficient to repel the argument arising from the change made in the statute by striking out the words “exclusiveof costs”), then, as the judgment in the present case was not a lien on Illinois lands, the legislature did not intend they should be reached by supplementary proceedings.
In any view of the case, I regard the order of the county judge as of doubtful validity, and therefore the court should not punish its disregard as a contempt. Eapaljie on Con-tempts, § 16.
Motion denied, without costs.