AUGUSTIN H. MOJARRIETA et al., Respondents, *v.* TOMAS
SAENZ, et al., Appellants.

An order for service of summons by publication, had the caption of a
Special Term order, and there was a direction upon it to enter; it was,
in fact, made by a judge at his chambers. *Held,* that the court had
the power to allow the order to be amended after it had been acted
upon, by striking out the caption and the direction to enter, and that
its order allowing such amendment was not appealable.

(Argued March 9, 1880; decided April 6, 1880.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, reversing an order
of Special Term, which denied a motion to amend an order
for the service of summons by publication, and granting
such motion.

The order of publication had a caption as follows : " At
a Special Term of the Supreme Court, held at chambers,"
etc. It was signed with the initials of the judge with a
direction to " enter." The order was in fact made by the
judge at chambers. After the publication of the summons,
plaintiff moved to amend *nunc pro tunc,* by striking out all
of the caption preceding the words " at chambers," and the
direction to enter.

*Edward Patterson,* for appellants.

*J. F. Mosher,* for respondents. The order of publication
was, in fact, a chamber order, and so far as it purported to
be made at " Special Term," it was erroneous in form, and an
amendment was properly allowed. (1 Abb. Law Dict., 202;
1 Burr. Law Dict., 200; Code Civ. Proc., § 232; *People* v.
*Brennan,* 61 Barb., 540; *Northrup* v. *People,* 37 N. Y., 203;
Code Civ. Proc., § 239; *Bedell* v. *Powell,* 3 Code Rep., 61, 63.)
Even if the order of publication had been made at a regu-
larly appointed Special Term, and duly entered in the

minutes, the court had power to make the amendment. (1 Burr. Prac., 337; 1 Barb. Chy. Prac., 584; *In re Knickerbocker Bank*, 19 Barb., 602; *Dresser* v. *Van Pelt*, 15 How. Pr., 19, 25, 26; *People* v. *Kelly*, 35 Barb., 444.) The courts have gone much further in allowing amendments than it is necessary to go in this case. (*Disbrow* v. *Folger*, 5 Abb., 53; *Viadero* v. *Viadero*, 7 Hun, 313; *Hogan* v. *Hoyt*, 37 N. Y., 300; *Produce Bank* v. *Morton*, 67 id., 199; *Ingraham* v. *Robbins*, 33 id., 409, 415; *Cook* v. *Whipple*, 55 id., 150, 166; *Jones* v. *U. S. Slate Co.*, 16 How. Pr., 129; *Thompson* v. *Kessel*, 30 N. Y., 383.)

RAPALLO, J. The order of publication appears in its body to be made by a judge, reciting that the application was made to him, and the necessary proof was made to his satisfaction. As we have just held in the case of *Phinney* v. *Broschell** it was not void by reason of its having a caption and a direction to enter, but could be treated as the order of a judge, we see no objection to the court allowing it, after it had been acted upon, to be amended by striking out the superfluous portions.

The appeal should be dismissed.

All concur, except ANDREWS, J., absent.

Appeal dismissed.

**Ante* p. 544.