EDMUND PHINNEY et al., Respondents, *v.* EDMUND BROS- CHELL et al., Appellants.

The caption of an order for the service of summons by publication was "At a Special Term of the Supreme Court, * * * held at cham- bers;" and there was a direction to enter it. It did not appear that it was entered as a court order; it was in fact made by the judge whose name appeared in the caption, out of court, in his private cham- bers; it was signed with his initials and those of his office; and in the body thereof it purported to be made by the judge. The General

Term held that the caption and the direction to enter were not conclusive, and that the order was good as a chamber order of the judge. *Held,* that as the question was purely one of form, this court would not differ with the court below on so technical a point of practice. Order, therefore, affirmed.

(Argued March 9, 1880; decided April 6, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term, vacating and setting aside an attachment issued herein. (Reported below, 19 Hun, 116.)

The attachment was issued May 9, 1879, and a levy made upon property of the defendants. An order for the publication of summons was granted June 5, 1879, of the material portions of which the following is a copy:

"At a Special Term of the Supreme Court of the State of New York, held at Chambers at the New County Court House, in the City of New York, on the 5th day of June, A. D. 1879.

"Present—Hon. ABRAHAM R. LAWRENCE, *Justice.*

EDMUND PHINNEY, ISAAC JACKSON, WILLIAM H. PHINNEY and FRANK C. CROCKER,
                    *Plaintiffs.*

        *agst.*

EDMUND BROSCHELL, JOHN DOE and RICHARD ROE, whose real names are unknown, composing the firm of EDMUND BROSCHELL & COMPANY, of Havana, Cuba,
                    *Defendants.*

"The plaintiffs having presented to me the verified complaint in this action, hereto annexed, showing a cause of action for which judgment is therein demanded against the defendants Edmund Broschell, John Doe and Richard Roe, whose real names are unknown, composing the firm of Edmund Broschell & Co., of Havana, Cuba, and having also

by the annexed affidavit of Emmett R. Olcott, dated June 5th, A. D. 1879, made proof to my satisfaction that said defendants are not residents of this State, and that personal service cannot with due diligence be made upon them within the State, now, on motion of Olcott & Mestre, Esqs., attorneys for said plaintiffs, ordered     *    *    *    *    *

Dated NEW YORK, *June* 5, 1879.

(Enter.)                             A. R. L.,
                                        *J. S. C.*"

The order to vacate was granted on the ground that the order was granted by the court instead of by a judge, as required by the Code of Civil Procedure (§ 440). The order was in fact made by the judge out of court at his private chambers.

*Edward Patterson*, for appellants. The order was a part of the record of the court which it was bound judicially to notice. (*Salmon* v. *Gedney*, 75 N. Y., 479.) The actual entry was not essential to make it an order of the court. (*People* v. *Myers*, 2 Hun, 28.)

*J. F. Mosher*, for respondents. On its face the order for publication is void as a Special Term order, but good as a chambers order. (1 Abbott's Law Dict., 202; 1 Burr's Law Dict., 200; Code Civ. Proc., § 232; *People* v. *Brennan*, 61 Barb., 540; *Northrup* v. *People*, 37 N. Y., 203; Code Civ. Proc., § 239; *Bedell* v. *Powell*, 3 Code Rep., 61, 63; *People* v. *Brennan*, 61 Barb., 540.)

RAPALLO, J. The appellants claim that the order of publication in this case was not made by a judge, but by the court at Special Term, and was therefore void. This is the only point in the case.

It appears that the order was in fact made by Judge LAWRENCE out of court, in his private chambers. His name appears in the caption, and in the body of the order it purports to be made by a judge. It recites, "the plaintiffs

having presented to me," etc., and "having proved to my satisfaction," etc., ordered, etc. It is signed by the judge with his initials, and his official title is abbreviated. The appellant relies on the fact that it has a caption, "at a Special Term held at chambers," and that there is a direction to enter, but it does not appear to have been in fact entered as a court order. The General Term held that it was good as a chamber order of the judge. The question is purely one of form and we are not inclined to differ with the court below on such a technical point of practice.

The order should be affirmed with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.