EDMUND COFFIN, Jr., Appellant, v. WILLIAM L. LESSTER and THOMAS C. HIGGINS, Respondents.

*Service of summons by publication — when the order directing it may be subsequently amended — service of a summons upon an absent resident in an action of foreclosure — Code of Civil Procedure, sec. 438, sub. 5 — right of the court to resettle findings after judgment.*

Where an order directing the service of a summons by publication, although in fact made by a justice at chambers, has a caption as though made at a Special Term, the court has power to subsequently amend the order by striking out the caption.

In an action to foreclose a mortgage an order for the service of the summons upon a resident defendant, who is absent from the State, might, in March, 1878, have been made under subdivision 5 of section 438 of the Code of Civil Procedure, without showing, before such an order could be made, the facts required to be shown by subdivisions 2, 3 or 4 of the said section.

The authority to so serve the summons upon a resident in such an action does not violate the provisions of the Constitution.

After this action had been tried the justice who had presided at the trial filed findings of fact and conclusions of law directing a judgment in favor of the plaintiff. Some days thereafter he granted an order to show cause why the judgment entered thereon should not be vacted and the findings be resettled, and upon the return of such order he vacated the judgment and resettled the findings by leaving the findings of fact as they were, and making the conclusions of law such as to award a judgment to the defendants, upon which decision a final judgment in their favor was granted.

*Held*, that the justice had power to so vacate the judgment and resettle the findings.

*Rockwell* v. *Carpenter* (25 Hun, 529), *McLean* v. *Stewart* (14 id., 472), distinguished.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

*Edmund Coffin, Jr.*, appellant, in person.

*George E. Horne*, for the respondents.

BRADY, J. :

On the 18th of April, 1882, the respondents offered for sale, at public auction in this city, a lot of land ; and at such sale the appellant bought the premises for $5,700, and signed the usual memorandum at the foot of the terms of sale. He subsequently refused to accept a deed of the premises for reasons assigned, which were as follows :

First, that certain taxes and assessments were unpaid and were liens upon the property ; second, that he was entitled to twenty-seven feet six inches in width, the lot in fact being only twenty-six feet four inches wide ; and third, that the defendant's title to the lot was defective in consequence of the assumed invalidity of an order, to which particular reference will be subsequently made.

The respondents tendered a proper deed of the lot, offered to abate the price for the four inches alleged to be wanting according to the description originally given, and also offered to pay the amount of the unpaid taxes and assessments. The appellant still refused to complete, whereupon the respondents paid the taxes and assessment, renewed their tender with an offer to rebate for the four inches already mentioned, and again the appellant refused to complete. He subsequently brought this action to compel the

specific performance by the respondents, and in answer they sought to compel a specific performance by him.

The chief objection urged against the title was the form of the order made for the service of the summons by publication, the objection resting upon the proposition that it was a Special Term order which could not be made under the provisions of the Code. There is a caption to the order, beginning: "At a Special Term;" and at the foot of the order : " Ent. J. R. B." The order recites, however, that on the summons in the action and the complaint duly verified, which had been filed and which was then presented to the judge granting the order, and on all the proceedings, and on reading and filing affidavits, etc., it is ordered, etc. And it appears by the seventh finding of fact, to which no exception was taken, that it was not granted at the Special Term, but at the private chambers of the judge who signed it. This brings it clearly within the case of *Phinney* v. *Broschell* (80 N. Y., 544). But this is not the only answer to the objection. There is still another, namely, that on the 19th of June, 1882, an order was made amending it by striking out the caption and inserting in place thereof "Supreme Court, City and County of New York." This the court had the power to do. (*Mojarrieta* v. *Saenz et al.*, 80 N. Y., 553.)

The objection to the form of the order, therefore, is of no avail. The affidavits upon which it was granted are also objected to. The provisions of section 438 of the Code, as they existed at the time the order was granted, are in some respects obscure and indefinite. The fifth subdivision, however, provided that where the defendant was a resident of the State or a domestic corporation, and the complaint demanded judgment, that the defendant be excluded from a vested or contingent interest in, or lien upon, some specific real or personal property within the State, an order directing the service of a summons upon the defendant without the State, or by publication, might be made. And section 439 provided that when the application was made for the order the plaintiff should present to the judge a verified complaint showing the cause of action for which the judgment was demanded against the defendant to be served, and proof by affidavit of the additional facts required by section 438. The additional facts must necessarily be understood to be, where there was no charge of concealment, that the defend-

ant was without the State and that personal service could not, therefore, be made upon him within it.

The two absent defendants to which the plaintiff's objection extended at the time the deed was tendered to him, were shown by the affidavit of Mr. Edwards, upon whose testimony the order was granted, to have been, at the then last accounts, in Paris, France; the statement being predicated of information derived from their mother, given to the affiant at her residence and theirs, No. 31 West Thirty-fourth street, in the city of New York, who stated that she believed they were still in that city, but was unable to give their address more particularly. This was quite sufficient to warrant the affidavit of publication, for the reason that the action was one contemplated by subdivision 5 of section 438 of the Code, and the defendants were residents of the State, but absent and abroad. The proposition is not warranted that such a procedure is unconstitutional by anything in the cases cited on that subject by the appellant. Indeed, the most recent case cited by him (*Vatable et al.* v. *N. Y., L. E. and W. R. R. Co.*, 96 N. Y., 49) distinctly recognizes the doctrine that where property interests or personal rights are to be affected, actual notice of such adverse proceedings is required, unless there is expressly substituted for it some other kind of notice. And it was said in that case: "But there are many cases where notice by publication is the only notice practicable, and hence takes the place and serves the purpose of actual notice." If it were otherwise it would defeat the administration of justice, because if the defendant were absent and his residence could not be ascertained, although it was perfectly well established that he was out of the jurisdiction of the court, unless the service could be made by publication, there could be no proceeding against him, and he could defy the creditor forever. There is therefore no well founded objection to the sufficiency of the affidavit upon which the order of publication was granted.

It further appears that the learned justice who presided at the trial of this action, having held the cause under advisement, seemingly arrived at the conclusion that the plaintiff was entitled to judgment, and signed and filed the findings of fact and conclusions of law, and judgment was entered upon them after due notice to the defendants. Some days afterward the justice granted an order

to show cause why the judgment should not be vacated and the findings resettled, and upon the return of the order vacated the judgment and directed such resettlement, which was made by finding the facts as they were, but making the conclusions of law thereupon as requested by the defendants, and upon this decision the final judgment was entered from which the plaintiff appeals.

The order changing the judgment thus pronounced was made upon the 14th of April, 1884. No appeal was taken from it until the eighteenth of July following, which was more than sixty days after it was entered, and it appears that for that reason a motion was made by the defendants to have all that part of the printed case which related to the order just mentioned stricken from it, the disposition of which was held until the argument of the appeal, when both were to be disposed of. It would seem that this motion was properly made and should be granted. But it is not necessary to strike these papers from the record, for the reason that it is quite clear and beyond all controversy that the learned justice who presided in the court below could correct the judgment by changing the conclusions of law, which was done in this case, the conclusions formerly expressed having been clearly made inadvertently.

The cases to which the appellant refers are cases where there was a change of facts and in a mode not authorized by law. In the case of *Rockwell* v. *Carpenter* (25 Hun, 529), for example, the learned judge who presided undertook to change the judgment on affidavits asserting an important fact affecting the merits, the change made upon which affected the result financially several hundred dollars. But even in that case there was a dissenting opinion by Justice BOARDMAN, who collated the cases affecting the inherent power of the court to correct mistakes, irregularities or omissions due to some inadvertence, or neglect or carelessness of its officers, whenever it was in furtherance of justice and the rights of third parties were not affected thereby. As suggested by that learned justice in relation to the case of *McLean* v. *Stewart* (14 Hun, 472), one of the adjudications to which the appellant refers, the change made in the judgment was not justified by any evidence given upon the trial, nor did the judge make any mistake or omission in respect to the facts and law found by him on such evidence when he decided the case

It may be said, in conclusion, that in the case of the *New York Ice Company* v. *North Western Ins. Company of Oswego* (23 N. Y., 357), a judgment was corrected by an addition to it of some importance. The court said of the act thus done : " It is suggested in the opposing papers that the judgment had become perfect and final before the motion was made. I do not see the force of this suggestion. The judgment was perfect as soon as pronounced and entered. It would become final when the time for appealing should expire ; but there is no pretense that this was ever limited by serving on the plaintiffs the notice required for that purpose. I think the power of the court to modify or amend the judgment cannot be questioned. * * * At all events, so long as the judgment was subject to an appeal, it was subject to such corrections and modifications as the court which pronounced it might, in its discretion, think proper to make. The administration of justice would be extremely imperfect if this power did not exist."

This review embraces all the questions presented to this court for consideration ; and as none of the objections interposed against the performance of the contract by the plaintiff have been sustained, the judgment pronounced against him in this action was correct, and must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.