### REGAN *v.* TRAUBE.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

MORTGAGE FORECLOSURE—ORDER OF PUBLICATION—WRITS.

In a suit to foreclose a mortgage the order for service of the summons by publication bore the caption, "At a special term," etc., and at the end thereof appeared in the judge's handwriting, "Ent. H. W. R." It also contained the usual recitals of a special term or "court" order: "Upon reading and filing" certain affidavits and other papers, etc.  Code Civil Proc. § 440, then in force, prescribed that the order for publication should be made, not by the court, but by a judge.  *Held*, that the title deduced through such a suit was not fatally defective, as the caption and direction to enter might be disregarded, and the order treated as a chambers order.

Submission of controversy upon an agreed statement of facts.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Earley & Prendergast*, for Daniel Regan.  *S. M. Roeder*, for Bertha Traube.

LARREMORE, C. J.  This is a controversy submitted to the general term for determination upon an agreed state of facts.  Bertha Traube has made an agreement in writing to purchase a piece of real estate from Daniel Regan, and she refuses to complete, alleging a defect of title.  The premises came to the present owner, through several mesne conveyances, from the New York Life Insurance Company, which had previously bid in the same at a sale under foreclosure in this court; and two of the defendants, being the owner of the equity of redemption and his wife, were served only by publication. The order for such service bore the caption, "At a special term," etc.  It was made by the late Judge ROBINSON, and at the end thereof appears in the judge's handwriting, "Ent. H. W. R."  It further contains the usual recitals of a special term or "court" order: "Upon reading and filing" certain affidavits and other papers, etc.  Under section 440 of the Code, which was then in force, and which prescribes that an order for publication shall be made, not by the court, but by a judge, it is argued that the title deduced through such a suit is fatally defective.  The question of the validity of orders in the form of this one, and made under very similar circumstances, has already been several times before the courts.  In *Phinney* v. *Broschell*, 80 N. Y. 545, the court of appeals followed and indorsed the general term of the supreme court in holding that the caption and the direction to enter might be disregarded, and the order treated as a chambers order.  In that case it appeared affirmatively that the order was actually made by the judge of the court, and furthermore the recitals were more personal to the judge, beginning with the usual

opening clause of a chambers order: "It appearing to my satisfaction," etc. In the controversy before us there is, it is true, an affidavit that the order was in reality a judge's and not a court order; but this is nothing more than an averment of a conclusion of law, without alleging any facts to support it. Moreover, the recitals in this order are the usual impersonal recitals of a special term order. Possibly, therefore, it might be said that the present controversy was distinguishable from *Phinney* v. *Broschell*. In *Coffin* v. *Lesster*, 36 Hun, 347, the order also contained the special term recitals, and it was sustained, and the title upheld, on the ground that the case was brought within *Phinney* v. *Broschell*, by a finding of fact, not excepted to, that said order was granted, not at the special term, but at the private chambers of the judge who signed it. As above shown, I do not think this circumstance does appear as matter of fact in the present case. Nevertheless I am of the opinion that the order, even in its unamended form, was valid and sufficient. It is my belief that much of the discussion and the various cases on this subject has strayed off into unprofitable casuistry. I speak with the greater freedom, because the court of appeals, in *Phinney* v. *Broschell*, did not reason the matter independently, but put the decision on the ground that they would not differ with the lower court on a point of this character. Further discussion on our part is not, therefore, precluded. Assuming, as was probably the fact in the case before us, that the order was granted and signed by Judge ROBINSON while actually on the bench in court, I cannot see that it is any the less valid than the orders passed upon in cases above cited. Certainly no one will claim that a judge's order is invalid simply because made in court. It would be absurd to argue that a judicial officer is less a judge in court than out of it. He may make chambers orders at any place, including the courtroom. It is the constant practice in this county and elsewhere to attend to *ex parte* business in court in the intervals of hearing motions, and probably 75 per cent. of the chambers orders granted are signed by a judge while on the bench. The situation, then, is that an order is presented to a judge, which in one of his capacities he has authority to make, and in his other capacity of representative of the court he has not authority to make. After exercising the judicial function of determining that the proofs and other papers submitted are sufficient, the officer on the bench signs the order. Such signature is sufficient, though he uses only his initials, and the fact that his official title is abreviated is, of course, immaterial. In which of the officer's capacities should it be presumed that he acted,—his capacity of judge, in which he had power, or his capacity of embodiment of the court, in which his act would have been nugatory? This is a question to be answered, not by further metaphysical refinements of distinction, but by practical common sense, without which the attempted administration of justice would often degenerate into farce. The law gives a judge the authority to make such an order under certain conditions. All these conditions existed and satisfactory proof was furnished. The parties intended to follow the law and the judge intended to administer the law. It seems to me that under these circumstances such a strong presumption is raised that the officer did act as a judge, and not as the embodiment of the court, that the form of the order and the recitals and the direction to enter must be disregarded. Ignoring the peculiarly "special term" features, the order in its original form contained enough to make it an adequate vehicle for the remedy the judge had power to grant. It also appears that the order in question has subsequently been amended by striking out the special term caption and recitals, and the direction to enter, and inserting the usual formularies of a chambers order instead. I can see no objection to this if the parties desire it, and it seems that the court of appeals has approved of such action in a similar case. *Mojarrieta* v. *Saenz*, 80 N. Y. 553. But I should have had no hesitation in voting to uphold the title if the formal amendment had not been made. Daniel Regan is entitled to a judgment for specific performance, with costs. All concur.