THE PEOPLE ex rel. HORACE M. LOWER, Respondent, *v.* TIMOTHY J. DONOVAN, Inspector, etc., Appellant.

A judge, at chambers, has no jurisdiction, either in the city of New York or elsewhere in the state, to issue a writ of mandamus.

Even if the application for the writ is a motion within the Code of Civil Procedure (§ 768), it is taken out of the operation of the provision (§ 770) declaring that in the first judicial district a motion which elsewhere must be made in court may be made to a judge out of court, by the provision (§ 2068) declaring that the writ can only be granted at Special Term, save in the cases where it is directed to be granted at General Term (§ 2069).

Where, therefore, on the day of a general election one of the justices of the Supreme Court, upon application made to him at chambers, issued a peremptory writ of mandamus commanding inspectors of election to permit the relator to take the disability oath provided in the election law, and upon taking the oath to retire with a person of his selection to a booth for the purpose of preparing his ballot, and to accept, receive and deposit the ballot when prepared, and where, upon due proof of service of the writ upon the inspectors, and their refusal to obey it, an order was made adjudging one of them guilty of contempt, and imposing upon him a punishment therefor. *Held*, that the justice had no jurisdiction to issue the writ; and so, that disobedience thereto could not be punished as a contempt.

*It seems* that, as under the statutes of this state (§ 5, tit. 1, chap. 130, Laws of 1842, as amended by § 2, chap. 240, Laws of 1847), no court can be opened within it on election day, except to receive a verdict or discharge a jury, or for the exercise by a single magistrate of certain jurisdiction in criminal cases, a voter who is refused the right to vote can resort to no court for relief until after his right is lost.

*People ex rel. v. Donovan* (63 Hun, 512), reversed.

(Argued May 23, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 12,

1892, which affirmed an order of Special Term convicting the defendant of contempt.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Henry Grasse* for appellant.    There can be no contempt found for disobedience of a writ of mandamus unless it is shown to have been properly served upon the person alleged to be in contempt.   (*People ex rel.* v. *Fisk,* 1 Hun, 467 ; Code Civ. Pro. § 2071.)    The copy of the affidavit and order to show cause which were the only papers served on Donovan, on election day relating to this matter, were defective and misleading and not true copies.   (*People* v. *S. & L. T. Co.,* 47 Hun, 543.)   No order having been made in this matter by the Supreme Court, at a Special Term thereof, the writ was not a lawful mandate of the court ; and disobedience of it cannot be punished.   (*People* v. *Gilmore,* 26 Hun, 1.)    The writ of mandamus in this case was unlawful because it was issued on a public holiday, *i. e.,* the general election day the 3d of November, 1891.   (Laws of 1887, chap. 287, § 1.)    The service of the order to show cause as well as of the writ of mandamus on the third of November, a general election day, was a nullity.   (Laws of 1872, chap. 675, § 13.)    There is no power in the court or a justice of the Supreme Court to grant or issue a mandamus on any day on which a general election is held in the state.   (Laws of 1842, chap. 130, § 5 ; *Redfield* v. *Florence,* 2 E. D. Smith, 340 ; Laws of 1890, chap. 262, § 25.)

*David Leventritt* and *Charles H. Knox* for respondent. The appellant was clearly guilty of " willful disobedience to its (the court's) lawful mandate." (Code Civ. Pro. § 8, subd. 3.)    The punishment ($250 and ten days' imprisonment) was within the discretion allowed by the Code.   (Code Civ. Pro. § 9.)    The judge had power to grant the writ. (*People* v. *Kearney,* 47 Hun, 133, 134 ; *People* v. *Suprs.,* 50 id. 105 ; *Nichols* v. *Kelsey,* 13 Civ. Pro. Rep. 154 ; *Fries*

*v. Coar,* 13 id. 152 ; Laws of 1842, chap. 130 ; Laws of 1847, chap. 240 ; Code Civ. Pro. § 770.)

ANDREWS, J. On the 3d day of November, 1891, the day of the general election in this state, the Honorable A. R. Lawrence, one of the justices of the Supreme Court, upon application made to him at his chambers in the city of New York, in behalf of the relator, a duly qualified elector of the 7th election district of the 2d Assembly district of that city, made an order requiring the inspectors in that election district to show cause before him at the court house in said city at 3 o'clock P. M., of that day, why a writ of peremptory mandamus should not be issued commanding and requiring them to permit the relator to take the disability oath provided in the election law, and upon taking the oath to permit him to retire with a person of his selection to one of the booths and compartments provided in said election district, for the purpose of preparing his ballot, and to accept, receive and deposit the ballot when prepared. The affidavit upon which the application was made set out certain facts which in the opinion of the learned justice entitled the relator to this relief. The order to show cause was served on Donovan and the other inspectors within the time limited by the order, but they did not appear on its return, and thereupon due proof of the service of the order having been made, and of other facts. the justice issued a peremptory writ following the order to show cause and commanding the inspectors to do and permit the things therein stated. The peremptory writ was served on the inspectors before the closing of the poll and there is evidence tending to show that they refused to obey it. Subsequently application was made to the court at Special Term to punish the inspectors for contempt in disobeying the writ and the proceedings resulted in an order adjudging the defendant Donovan guilty of contempt and imposing upon him a fine of $250, and ten days' imprisonment, as a punishment for his misconduct. The order was affirmed on appeal to the General Term and the present appeal is from the order of affirmance.

The order made by the Special Term is challenged on the ground that Mr. Justice Lawrence sitting at chambers, and not as a court, had no jurisdiction to issue the mandamus for the disobedience of which the order punishing the defendant for contempt was made. If this point is well taken it disposes of the case and the orders of the Special and General Terms must be reversed; for it is a clear proposition that an order made by a court or judge in a proceeding of which the tribunal or officer had no jurisdiction, and which is not merely irregular or erroneous, is not a lawful mandate and disobedience thereto cannot be punished as a contempt. (Code Civ. Pro. § 8 ; Eng. & Am. Ency. of Law, vol. 3, p. 788, and cases cited.)

The power to issue the writ of mandamus was at common law lodged exclusively in the Court of King's Bench, because of the general superintendence it exercised over all inferior jurisdictions, and unless conferred by statute, could be exercised by no other court in the realm. It was one of the prerogative writs, and if any trace is to be found of an attempt by any other court to exercise the jurisdiction in the absence of a special statute conferring the authority, it was in the nature of a usurpation. (*Awdeley* v. *Joye*, Poph. 176 ; 2 Blk. Com. 110 ; Moses on Mand. 16 ; *People ex rel., etc.,* v. *Green,* 58 N. Y. 296.) The jurisdiction resided in the court and not in the individual judges, and the writ was issued in term and not in vacation. In colonial times the Supreme Court of the colony of New York, by the ordinances of 1699 and 1704, was invested with all the powers of the courts of King's Bench, Common Pleas and Exchequer in England, and by the Revised Statutes (2 R. S. [3d ed.] p. 259, § 1), the Supreme Court of the state was declared to be vested with all the powers and jurisdiction which belonged to the Supreme Court of the colony of New York, with certain exceptions not now material to be noticed. The same statutes regulated proceedings by mandamus, and while they do not expressly limit the power to issue the writ to the Supreme Court, or prohibit its being issued by a judge out of court, they assume that the power inheres alone in this supreme jurisdiction and is to be exercised by

the court as such. (2 R. S. 608, tit. Writs of Mandamus and Prohibition.)

The statute of 1873 (Chap. 239), has been construed as conferring upon certain other courts the power to issue the writ (*People ex rel.* v. *Green, supra*), and it may be conceded that the legislature could authorize the writ to be issued by a judge in vacation, although it is difficult to see how such a jurisdiction could be conveniently exercised in view of the fact that the proceeding by mandamus is substantially an action which may involve pleadings, issues, trial and final judgment upon the right, unless the power of the judge acting in chambers and not as a court should be restricted to issuing the writ returnable before the court, as is the procedure in some of the states. The power of the judge to issue the writ involved in the present appeal is placed on section 770 of the Code of Civil Procedure, which declares that "in the first judicial district a motion which elsewhere must be made in court, may be made to a judge out of court, except for a new trial on the merits." The argument is that an application for writ of mandamus is under the Code a motion and that the writ when issued is an order, and that although elsewhere it can only be issued on application to the court, and not by a judge out of court, nevertheless in the first district under the section quoted the motion may be made before, and the writ may be issued by a judge at chambers. It is to be observed that section 770 of the Code of Civil Procedure, is substantially a re-enactment of section 401 of the Code of Procedure. But the former Code expressly excepted mandamus proceedings from its operation (§ 471), and under that Code a judge out of court in the first district had no power in mandamus proceedings other or greater than was possessed by any other judge in any other part of the state. It seems to be clear that under the former Code a judge out of court could not have issued a mandamus, as that power by practice and the general understanding could be exercised only by a court, and could not be exercised by a judge out of court.

It remains to consider whether the Code of Civil Procedure

has enlarged the power of a judge in the first district so as to enable him to issue a mandamus out of term or when not sitting as a court. Prior to the enactment of the Code of Civil Procedure the writs of habeas corpus, mandamus, prohibition, etc., were regulated by statutes and the practice of the courts. In the Code of Civil Procedure these statutes and the practice thereunder were brought together and codified under the title "special proceedings instituted by state writ," and the writs above enumerated were denominated state writs. The several writs are treated of in separate articles, and the procedure is regulated with great detail. The respective articles define how and when, and by what authority writs to which they severally relate may be issued. The power to issue writs of habeas corpus was for obvious reasons conferred upon both the Supreme Court at Special or General Term, and upon judges out of court, and judicial officers authorized to perform the duties of a judge. (§ 2017.) But the articles relating to writs of mandamus expressly confines the power to issue the writ to a court at Special or General Term. Section 2068 is as follows: "Except where special provision is made therefor in this article a writ of mandamus can be granted only at a special term of the court. In the Supreme Court the Special Term must be one held within the judicial district embracing the county wherein an issue of fact founded upon an alternative writ is triable as prescribed in this article." The following section (2069) prescribes in what cases the writ may or shall be granted at General Term. Section 2069 contains the only provision in the article which permits any tribunal, other than the Special Term, to grant the writ. The right of a judge out of court to grant the writ seems to be necessarily excluded by the language of section 2068, since there is "no other provision in the article" conferring upon a judge out of court the authority. Even if an application for a writ of mandamus is a motion within section 768 of the Code of Civil Procedure, it is taken out of the operation of section 770 by the peremptory and unequivocal language of section 2068. In the article relating to writs of prohibition

are sections limiting the power to issue those writs to the court at Special or General Term, substantially as in the case of mandamus. It is difficult to suppose that the power to issue the extraordinary writ of prohibition was intended to be vested in a judge out of court, under the language of section 770, and yet this result would follow if the construction placed by the courts below upon the power of a judge to issue a mandamus is correct, the language of the statute in both cases being substantially the same.

We find it impossible to avoid the conclusion that a judge at chambers in the city of New York, or elsewhere within the state, has no jurisdiction to issue a writ of mandamus.

It is true the right of a voter to vote may be lost, unless this power exist. Under the statute, no court can be opened within the state on the day of any general election to transact any business, except for the purpose of receiving a verdict or discharging a jury, and for the exercise by a single magistrate of certain jurisdiction in criminal cases. (§ 5, tit. 1, chap. 130, Laws of 1842, as amended by § 2, chap. 240, Laws of 1847.) The voter who is refused the right to vote can resort to no court for relief until after his right is lost, as no court can entertain his application on election day. If an enlarged jurisdiction in these cases is expedient, the remedy is with the legislature.

Voters outside of New York can have no relief by mandamus issued on the day of election, and we think the voters of that city, under the arrangement of the statutes, are in the same situation.

Our conclusion requires a reversal of the orders of the Special and General Terms.

All concur, except GRAY, J., dissenting.

Orders reversed.