MINNIE M. ALBRECHT, by JOHN M. ALBRECHT, her Guardian ad Litem, Respondent, *v.* ROBERT H. CANFIELD, Appellant.

*Guardian ad litem — an order appointing him stated to have been made at a term of the County Court, but signed by the judge, is a chamber order — entry thereof not necessary — improper allegation in a complaint as to the appointment of a guardian, not an estoppel.*

Where a petition for the appointment of a guardian *ad litem* for an infant plaintiff is addressed to the county judge, but the order for the appointment is entitled as having been made at a term of the County Court, the court will disregard the caption of the order and hold the order valid upon the assumption that the county judge acted in the capacity in which he was called upon to act, and in which he had a right to act.

The fact that the order was entered as an order of the County Court does not estop the plaintiff from asserting its true character, as the validity of an order does not depend upon the form of its entry.

As a rule, an *ex parte* order of a judge need not be entered, although the papers should be filed.

An allegation in a complaint, that the guardian *ad litem* of an infant plaintiff was appointed by an order of a County Court, when in fact the order was made by the county judge, does not conclude the plaintiff upon a motion made to dismiss the proceeding upon the ground of such irregularity.

APPEAL by the defendant, Robert H. Canfield, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oneida on the 29th day of May, 1895, denying the defendant's motion to dismiss the action, the complaint herein and all proceedings, upon the ground that the order of the Oneida County Court, purporting to appoint the guardian *ad litem* for the plaintiff, was made without jurisdiction, or that the plaintiff be required to procure the appointment of some suitable and proper person.

*Henry F. & James Coupe,* for the appellant.

*M. V. B. McGraw,* for the respondent.

MERWIN, J.:

The heading or caption of the order in question is : "At a term of the Oneida County Court, held at the Chambers of the Oneida County Judge, in the city of Utica, N. Y., on the 29th day of April, 1895. Present, Hon. W. T. DUNMORE, Oneida County Judge." In the body of the order the petition for the appointment of a guardian is referred to as being annexed. At the close of the order it is dated April 29, 1895, and is signed by the county judge. There is no direction for its entry. Upon referring to the petition, which is handed up as a part of the papers, it appears to be addressed to the county judge and not to the County Court. There was, therefore, no application to the County Court, but there was an application to the county judge. It must, I think, be assumed that the county judge acted in the capacity in which he was called upon to act, and in which he had a right to act. That being so the caption of the order may be disregarded and the order remain properly signed as a valid order. (*Phinney* v. *Broschell*, 19 Hun, 116 ; affd., 80 N. Y. 544 ; *In the Matter of the Knickerbocker Bank*, 19 Barb. 602.) (See, also, *Dresser* v. *Van Pelt*, 15 How. Pr. 19 ; *People* v. *Kelly*, 35 Barb. 447.)

The fact that the attorney entered the order and called it an order of the County Court does not estop the plaintiff from asserting its true character. Its validity did not depend upon the form of the entry. As a rule an *ex parte* order of a judge need not be entered (1 Rumsey's Pr. 213), though the papers should be filed. (Rule 2 of Supreme Court.)

Nor did the allegation in the complaint that the guardian was appointed by an order of the Oneida County Court conclude the plaintiff upon the motion made to dismiss the proceedings. The papers were all before the court and the question on the motion was, not whether the complaint was demurrable (*Grantman* v. *Thrall*, 44 Barb. 173 ; *Bartholomew* v. *Lyon*, 67 id. 86), but whether there was in fact a valid appointment of a guardian.

The motion was, we think, properly denied and the order of the Special Term should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.