## LOWERRE v. OWENS.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

ORDER OF PUBLICATION—PRESUMPTION OF REGULARITY.

An order of publication, which the parties agree was made by "Mr. Justice B., then holding chambers and special term for the hearing of nonenumerated motions," will be presumed to have been made by a judge, as required by Code Civ. Proc. § 440, rather than by the court, though the order has the special term caption, and contains the word "court," and at the end has the initials of the judge, with the direction to enter.

Submission, without action, of controversy (Code Civ. Proc. § 1279) between Ida A. Lowerre, as plaintiff, and Patrick J. Owens, as defendant. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Ernest E. Bache, for plaintiff.
John J. Macklin, for defendant.

O'BRIEN, J. The defendant assails the validity of the title involved in this controversy upon the ground that in an action brought to foreclose a mortgage, in which action the premises were sold, and thereafter, by mesne conveyance, came to the plaintiff, an order of publication made thereon was void, in that it was based upon an insufficient affidavit, and was made by the court, instead of being made, as required by the Code (section 440), by a judge. The affidavit was sufficient to confer jurisdiction upon the justice to decide that proper and diligent effort had been made to serve the defendant personally, against whom the order of publication was granted. The order has the special term caption, and uses in the body thereof the word "court," and at the end has the initials of the judge, with the direction to enter. And upon this is based the claim that it is a court, and not a judge's, order, and therefore is void. It is conceded in the agreed facts that the order "was made directing the service of a summons in said action by Mr. Justice Barrett, then holding chambers and special term for the hearing of nonenumerated motions." The question thus presented we do not regard as an open one, it having been many times discussed and passed upon. There is always a presumption in favor of the regularity of judicial proceedings, and this presumption is strengthened by lapse of time, and it should not be lightly disregarded when attacked collaterally on a technical point of practice. We must take notice that the order was made by a justice of the court who had the power to act upon the affidavit, and was made by such justice while actually holding the court where nonenumerated motions are heard, and whose duty it was to entertain applications for judges' orders. As was said in the case of Regan v. Traube, 16 Daly, 154, 9 N. Y. Supp. 495:

"No one will claim that a judge's order is invalid simply because made in court. It would be absurd to argue that a judicial officer is less a judge in court than out of it. He may make chambers orders at any place, including the court room. It is the constant practice in this county, and elsewhere, to attend to ex parte business in court, in the intervals of hearing motions, and probably seventy-five per cent. of the chambers orders granted are signed by a judge while on the bench. The situation, then, is that an order is presented to a judge, which, in one of his capacities, he has authority to make, and in his other capacity, of representative of the court, he has not authority to make. After exercising the judicial function of determining that the proofs and other papers submitted are sufficient, the officer on the bench signs the order. Such signature is sufficient, though he uses only his initials; and the fact that his official title is abbreviated is, of course, immaterial. In which of the officer's capacities should it be presumed that he acted,—his capacity of judge, in which he had power, or his capacity of embodiment of the court, in which his act would have been nugatory? The law gives a judge the authority to make such an order under certain conditions; all

these conditions existed, and satisfactory proof was furnished; the parties intended to follow the law, and the judge intended to administer the law. It seems to me that, under these circumstances, such a strong presumption is raised that the officer did act as a judge, and not as the embodiment of the court, that the form of the order, and the recitals and the direction to enter, must be disregarded."

This view as to the presumption of jurisdiction, and the disposition of the court to disregard mere form and a technical objection as to practice, is upheld in the cases of Phinney v. Borschell, 80 N. Y. 545, and Mojarrieta v. Saenz, Id. 553, and Coffin v. Lesster, 36 Hun, 347.

We think, therefore, that, as provided by the stipulation, the judgment should be that the defendant complete his purchase pursuant to his contract, and, in addition thereto, pay the costs of this action. All concur.