| 73 | 75 |
| p 73 | 615 |

In the Matter of the Supplementary Proceedings for the Collection of a Tax of WRIGHT, PETERS & COMPANY, a Domestic Corporation, Appellant; JOHN B. HAMILTON, as Treasurer of Monroe County, Respondent.

*Tax — supplementary proceedings to enforce — the motion cannot be made to a special county judge out of court.*

Under section 259 of the Tax Law (Laws of 1896, chap. 908), authorizing an application "*to the court* for the institution of proceedings supplementary to execution" for the collection of an unpaid tax, it is necessary that the application shall be made to the court and the order instituting the proceeding be made by the court, and a special county judge has no power, upon an application made to him, to make such an order.

APPEAL by Wright, Peters & Company, a domestic corporation, from an order of the special county judge of Monroe county, entered in the office of the clerk of the county of Monroe on the 8th day of January, 1902, denying the motion of said corporation to dismiss the proceedings.

*Isaac Adler*, for the appellant.

*Frederick L. Dutcher*, for the respondent.

WILLIAMS, J. :

The order appealed from should be reversed, the motion granted and the proceeding dismissed.

The proceeding was commenced by the treasurer of Monroe county under section 259 of the Tax Law (Laws of 1896, chap. 908), which provides : " If a tax exceeding ten dollars in amount levied against a person or corporation is returned by the proper collector uncollected for want of personal property out of which to collect the same, the supervisor of the town or ward, or *the county treasurer*, or the president of the village, if it is a village tax, may within one year thereafter *apply to the court* for the institution of proceedings supplementary to execution, as upon a judgment, docketed in such county, for the purpose of collecting such tax and fees, with interest thereon from the fifteenth day of February after the levy thereof. Such proceedings may be taken against a corporation, and the same proceedings may thereupon be had, in all respects for the collection of such tax, as for the collection of a judgment by proceedings supplementary to execution thereon against a natural person," etc.

The application was made, not to the *court*, but to the special county judge, and the proceeding was instituted by an order made by such special county judge. The order was served upon the corporation and it thereupon made a motion before the special county judge to vacate and set aside the order and to dismiss the proceeding. This motion was denied, and the proceeding directed to continue. From the order to that effect this appeal is taken.

While the statute does not provide by whom the order instituting the proceeding shall be made, it does provide that the application shall be made to the *court*, and it will hardly be contended that the order can be made by any different tribunal than that to which the application is required to be made, nor can it be said that the *court*

can be construed to mean no more than a *judge* out of court. The distinction between a court and a judge is too well recognized in the law to require discussion. (*Matter of Roberts*, 70 N. Y. 5; *Heishon* v. *Knickerbocker Life Ins. Co.*, 77 id. 278; *People ex rel. Lower* v. *Donovan*, 135 id. 76, 79; *People ex rel. Eckerson* v. *Trustees*, 151 id. 84.)

This proceeding is purely statutory, and the statute must be followed. The Code of Civil Procedure (§ 2434) requires proceedings supplementary to execution to be instituted before a judge of the court, a county judge, special county judge or special surrogate, and the court has no power under that provision of the Code to institute such proceedings. The statute must be followed. (*Douglass* v. *Mainzer*, 40 Hun, 75.)

The Code of Civil Procedure (§§ 872, 873) provides that an application for an order to examine a party before trial shall be made to and the order made by a judge of the court or a county judge, and such application cannot be made to or the order made by the court. The right to this remedy is purely statutory, and the statute must be followed. (*Heishon* v. *Knickerbocker Life Ins. Co.*, *supra*.)

The Code (§ 440) provides that an order for the service of a summons by publication may be made by a judge of the court or a county judge, and the court has no power to make such an order. The statute must be followed. (*Schumaker* v. *Crossman*, 12 Wkly. Dig. 99. See, also, *Phinney* v. *Broschell*, 80 N. Y. 544; *Mojarrieta* v. *Saenz*, Id. 554; *Coffin* v. *Lesster*, 36 Hun, 348; 110 N. Y. 645.)

The Code (§ 2348 *et seq.*) requires proceedings for the sale of infants' real estate to be instituted before *the court*, and a judge of the court has no authority to entertain the proceedings. (*Matter of Bookhout*, 21 Barb. 348.)

The statute here in question is perfectly plain and the court cannot disregard its language. The Legislature alone has power to make any change therein desired. So long as it confers power to institute this proceeding upon *the court* and so long as the distinction in law exists between the court and a judge out of court, we must hold that a special county judge has no power to make an order instituting the proceeding.

It seems that prior to the revision of the Tax Law in 1896 it was

expressly provided by statute (Laws of 1867, chap. 361, § 1, as amd. by Laws of 1881, chap. 640, § 1) that proceedings for the collection of taxes should be instituted before judges out of court. We cannot assume that the Legislature by the change in the revision meant nothing, and that the proceeding may still be instituted before a judge, although the statute expressly provides the application shall be to the *court.*

The special county judge had no power to make the original order instituting this proceeding, and the motion to vacate such order and dismiss the proceeding should have been granted.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements of this appeal, and the motion granted, without costs.

McLENNAN, SPRING, HISCOCK and DAVY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements of this appeal, and motion to dismiss the proceedings granted, without costs.