### ROSEKRANS v. ROSEKRANS et al.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. ADOPTION (§ 14*)—ORDER—VALIDITY.

The recitals of an order of adoption that "said infant * * * having appeared before me, and on examination by me," etc., "in witness whereof I have hereunto set my hand," etc., and signed, "J. A., County Judge, Kings County," characterized it as an order of the county judge,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rather than an order of the County Court, which would have had no jurisdiction to make same, though it bore a caption and seal of the County Court, and was signed by the clerk thereof, and was made at a term of the County Court while the county judge was on the bench.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 22, 24, 25; Dec. Dig. § 14.*]

2. ADOPTION (§ 21*)—INHERITANCE BY ADOPTED CHILD—WHAT LAW GOVERNS.

The right of an adopted child to inherit from a foster parent is determined by the law in force at the foster parent's death, and not by the law in force at the time of adoption.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 35, 36, 38–40; Dec. Dig. § 21.*]

3. ADOPTION (§ 21*)—INHERITANCE BY ADOPTED CHILD.

A daughter adopted from an institution will inherit from the foster parent, under Domestic Relations Law (Consol. Laws, c. 14) § 114, providing that the foster parent and minor sustain toward each other the relation of parent and child and have all the rights of that relation, including the right of inheritance.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 35, 36, 38–40; Dec. Dig. § 21.*]

Appeal from Special Term, Kings County.

Action by Eleanor C. Rosekrans against Marie Rosekrans, individually and as administratrix, etc., and others. From the judgment, plaintiff and certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Howard Chipp, of Kingston (Walter N. Gill, of Kingston, on the brief), for appellants.

Charles J. McDermott, of New York City, for respondents.

RICH, J. The plaintiff and several of the defendants unite in an appeal from a judgment of the Special Term in favor of the defendant respondents, the widow and adopted daughter of Thomas Rosekrans, deceased, in an action for the partition of real property of which the decedent died seised. Thomas Rosekrans died intestate, leaving him surviving, in addition to his said widow and adopted daughter, a sister (the plaintiff), and a mother, brother, and nephew, who are made defendants. He owned at the time of his death several parcels of real property (upon which there were existing mortgage liens), which it is sought to partition among the relatives named, to the exclusion of the adopted daughter; the plaintiff's contention being that the attempted adoption of such child was a nullity, because of irregularities in the proceeding and want of jurisdiction in the court granting the order of adoption. The plaintiff also sought to have two of the mortgages upon said property, standing on the record in the name of the widow, the defendant Marie Rosekrans, declared void and not valid liens upon the property, and that a third mortgage, apparently a valid lien, be adjudicated to have been owned by the decedent at the time of his death, and not a lien upon said premises involved in this action, or any part thereof.

The learned court at Special Term held the mortgages to be valid

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liens. The plaintiff submitted no requests to find affecting the validity of such mortgages or their apparent liens, and filed no exceptions to the findings of fact or conclusions of law sustaining their validity. The sole question, therefore, presented by this appeal, relates to the validity of the adoption proceedings, and the right of the adopted daughter to inherit the real property described in the complaint, to the exclusion of the plaintiff and other relatives of the deceased, subject, of course, to the dower rights of the widow.

[1] It is contended that the order of adoption was not made by the county judge of Kings county, but by the County Court of that county, which was without jurisdiction, and its order for that reason a nullity. The order bears a caption and the seal of the County Court, and is signed by the clerk of that court; but these facts do not necessarily establish that the order was by the court. I think they may be regarded as surplusage. Its recitals clearly characterize it as the order of the county judge. It recites:

"And the said Thomas Rosekrans and Marie, and said infant, Elsie Bach, having appeared *before me*, and on examination *by me*," etc. "In witness whereof, *I* have hereunto set *my* hand," etc. (italics mine.)

It is signed, "Joseph Aspinall, County Judge, Kings County," and there is no direction to enter. Phinney v. Broschell, 80 N. Y. 545, 546; Mojarrieta v. Saenz, 80 N. Y. 553, 554; Volz v. Steiner, 67 App. Div. 504, 73 N. Y. Supp. 1006. The fact, if it be so, that the order was made at a term of the County Court, and while the county judge was on the bench, does not make it a court order. Regan v. Traube, 9 N. Y. Supp. 495. A county judge, while on the bench at a term of his court in session, may grant a chambers order. Such an order is not at all affected by the place where the county judge was, or his surroundings when it was made.

[2, 3] The right of an adopted child to inherit from a foster parent is determined by the law in force at the time of the foster parent's death, and is in no manner dependent upon the law in force at the time of the adoption. United States Trust Co. v. Hoyt, 150 App. Div. 621, 135 N. Y. Supp. 849; Theobald v. Smith, 103 App. Div. 200, 92 N. Y. Supp. 1019; Gilliam v. Guaranty Trust Co., 111 App. Div. 656, 667, 97 N. Y. Supp. 758, affirmed 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536; Dodin v. Dodin, 16 App. Div. 42, 44 N. Y. Supp. 800, affirmed 162 N. Y. 635, 57 N. E. 1108. Rosekrans died March 8, 1913, and the right of his adopted daughter to inherit is governed by section 114 of the Domestic Relations Law, which, so far as material, provides:

"The foster parent or parents and the minor sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other."

This is what Rosekrans desired, and the county judge included the right of inheritance in the order of adoption.

The appellants contend that the adopted daughter, having been adopted from an institution, does not inherit under the provision of the Domestic Relations Law. The reply to this is that the courts have

repeatedly held that adoptions from institutions or otherwise conferred upon the adopted child the same right of inheritance possessed by a natural child. See cases cited supra, and Matter of Cook, 187 N. Y. 253, 79 N. E. 991.

A careful reading of the evidence and of the provisions of the charter of the city of New York, in force at the time of the adoption and prior thereto in the years 1901 and 1902, compels the conclusion that the appellants' contention that the eighth finding of fact is without evidence supporting it, and that the infant was not placed with the Children's Aid Society by an officer designated by the statute, and is not shown to have been surrendered to such society, is without merit.

The other questions presented by the learned counsel for appellant have received serious consideration, but we are unable to find anything requiring a reversal, and the judgment must be affirmed, with costs. All concur.