(96 Misc. Rep. 561)

### AIKEN v. AIKEN.

(Supreme Court, Special Term, Monroe County. September 16, 1916.)

1. DIVORCE ☞269(13)—ALIMONY—CONTEMPT—STATUTE.

Whether an order granted under Code Civ. Proc. § 1773, requiring the defendant to show cause why he should not be punished for contempt in failing to pay alimony, is the order of the court or of a judge, is to be determined, not by the form of the order, but by whether the judge granting the order was then holding a term of court and authorized to grant a court order.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 762; Dec. Dig. ☞269(13).]

**2.** CONTEMPT ☞20—ORDER VIOLATED—NATURE—DETERMINATION.

In proceedings to punish for contempt, the court will look back to the form of the order violated, to ascertain whether, irrespective of its form, it was not in fact granted by the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62; Dec. Dig. ☞20.]

**3.** DIVORCE ☞269(13)—ALIMONY—FAILURE TO PAY—CONTEMPT.

Where, in proceedings to punish for contempt for default in payment of alimony, the order to show cause was made by the judge when holding an Equity Term of court, though not signed by him in open court, and not being entitled at a term of court, nor directed to be entered, the form of the order may be amended, and the failure to enter be corrected by a nunc pro tunc entry.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 762; Dec. Dig. ☞269(13).]

**4.** JUDGES ☞27—"COURT"—JUDGE OUT OF COURT.

There is a distinction between a court, which has been defined as a "tribunal organized according to law and sitting at fixed times and places for the administration of justice," and a judge out of court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 109–139; Dec. Dig. ☞27.

For other definitions, see Words and Phrases, First and Second Series, Court.]

**5.** MOTIONS ☞8—ORDER—JUDGE OUT OF COURT.

Where an application is required to be made to the court, it cannot be made to a judge out of court.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 5; Dec. Dig. ☞8.]

**6.** MOTIONS ☞7—JURISDICTION—POWER AT SPECIAL TERM.

Where a right is purely statutory, and is required to be exercised by an application to a judge, an order granted at a Special Term is void.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 5; Dec. Dig. ☞7.]

**7.** MOTIONS ☞58—ORDERS—AMENDMENT.

A judge's order, with an erroneous caption and notice to enter, is not void, but may be amended to comply with the actual fact.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 72; Dec. Dig. ☞58.]

Action by Henrietta Amelia Aiken against Eugene Dix Aiken. On motion to punish for contempt for default in payment· of alimony. Motion granted, with permission to amend the form of the order to show cause, and to enter it nunc pro tunc.

Bentley & MacFarlane, of Rochester, for the motion.

O'Brien & Powell, of Rochester (James C. O'Brien, of Rochester, of counsel), opposed.

RODENBECK, J. [1] Defendant appeared specially by counsel to oppose this motion, on the ground that the order to show cause instituting it was not a court but a judge's order. The Code of Civil Procedure provides that, where a husband makes default in the payment of alimony, "the court may, in its discretion, make an order requiring the husband to show cause before it" why he should not be punished for failure to make the payment (section 1773); and it is

contended that the order to show cause in this case, not being entitled at a term of court, and not being directed to be entered, is not a court order, and therefore did not confer jurisdiction upon the court to hear the motion.

[2, 3] In proceedings to punish for contempt, the statute governing the proceedings must be literally followed; but the court will look back of the form of the order to ascertain whether, irrespective of its form, it was not in fact granted by the court. At the time that the order to show cause was made, the judge who granted the order was holding an Equity Term of court, and the order, while not signed by him in open court, was made while the term of court was in progress. Under such circumstances the irregularity in the form of the order and the neglect to enter it will be overlooked by the court, and the order will be held sufficient as a court order, although in form a judge's order. Phinney v. Broschell, 80 N. Y. 544; Sweeney v. O'Dwyer, 197 N. Y. 499, 503, 90 N. E. 1129; Matter of Munson, 95 App. Div. 23, 26, 88 N. Y. Supp. 509; Matter of Knickerbocker Bank, 19 Barb. 602; Lowerre v. Owens, 14 App. Div. 215, 43 N. Y. Supp. 467; Regan v. Traube, 9 N. Y. Supp. 495; Coffin v. Lesster, 36 Hun, 347; Lachenmeyer v. Lachenmeyer, 26 Hun, 542; Albrecht v. Canfield, 92 Hun, 240, 36 N. Y. Supp. 940.

[4-7] There is a distinction between a court, which has been defined as a "tribunal organized according to law and sitting at fixed times and places for the administration of justice" (People ex rel. Eckerson v. Trustees, 151 N. Y. 75, 45 N. E. 384), and a judge out of court. The Code of Civil Procedure makes a distinction between a court order and a judge's order, without prescribing any difference in their form; and where an application is required to be made to the court, it cannot be made to a judge out of court. Matter of Wright, Peters & Co., 73 App. Div. 75, 76 N. Y. Supp. 775; People ex rel. Lower v. Donovan, 135 N. Y. 76, 31 N. E. 1009. Likewise, where a right is purely statutory, and is required to be exercised by an application to a judge, an order granted at Special Term is void (Heishon v. Knickerbocker Life Ins. Co., 77 N. Y. 278); but a judge's order, with an erroneous caption and notice to enter, is not void, but may be amended to comply with the actual fact. Mojarrieta v. Saenz, 80 N. Y. 553; Coffin v. Lesster, 36 Hun, 347. Under these authorities it is absurd to say that a judge sitting on the bench at a term of court cannot issue a judge's order, or that the same judge upon retiring to his chambers without having adjourned the term cannot issue a court order.

The main purpose of the order to show cause in this case is to give notice to the defendant, and it is accomplished whether it is done by a court or judge's order, and the courts should not be too strict in the interpretation of Code provisions which do not go to a substantial right. The dispute in this case is an illustration of the evil of statutory provisions controlling the court in relation to matters of procedure. It does not matter in the slightest degree, so far as the defendant is concerned, whether he receives his notice to appear and show cause why he has not paid alimony, which he has been directed to pay, by virtue of a motion, an order to show cause signed by a

judge, or issued by the court. The failure to enter a court order is an irregularity which may be corrected.

The plaintiff may amend the form of her order to show cause and enter it nunc pro tunc, and the motion to punish for contempt is granted, with $10 costs.