FRED BEHL, Respondent, *v.* EDWARD GREENBAUM and Others, Appellants.

Fourth Department, May 1, 1918.

Deposition — examination of defendants before trial — practice — motion to vacate judge's order determined by same judge holding Special Term — Code Civil Procedure, section 768, construed — costs of motion.

A plaintiff who alleges that he was run down and injured by an automobile operated by the defendant for hire and that said automobile was owned by one of the defendants and was operated by the other defendants in connection with their said business, which facts are denied by the defendants, is entitled to examination of defendants before trial in order to prove that the car was operated by all of the defendants, or by some one of them for whose negligence the others are responsible.

Although the motion to vacate a judge's order for an examination before trial was made before the judge who granted it while holding Special Term and although he signed the order as a court order through inad-

vertence, it will be assumed, in absence of proof to the contrary, that the matter was submitted to the Special Term by consent of counsel, or that the presiding justice had the right so to assume.

Moreover, the order made on said motion may be treated by the Appellate Division as a judge's order and a caption and entry be disregarded.

Furthermore, such order of the Special Term is good as a court order under the amendment to section 768 of the Code of Civil Procedure made in 1911 providing that, except in the First Department, an order authorized by statute which may be made at chambers may also be made by the court.

Affidavits examined and approved.

Where the original order was too broad and on motion was modified so as to limit the examination of the defendants, they should not be charged with motion costs.

APPEAL by the defendants, Edward Greenbaum and others, from two orders of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 23d day of February, 1918, denying separate motions by the defendants to vacate a judge's order for their examination before trial, and modifying said order so as to limit such examination as to the subject of the relations between the defendants, with notice of an intention to bring up for review the original judge's order so modified.

*Nicholas J. Weldgen* and *Lewis, McKay & Bown* [*Byron A. Johnson* of counsel], for the appellants.

*O'Brien & Powell* [*James C. O'Brien* of counsel], for the respondent.

FOOTE, J.:

The case is, I think, a proper one in which to permit an examination of the defendants before trial to the extent allowed by the order as modified.

Plaintiff was run down and injured upon a public street by a motor car which he alleges was being operated by defendants, who were engaged in the business of operating automobiles for hire. He alleges that at the time of the accident one of said automobiles owned by defendant Lena Greenbaum, and operated by defendants in connection with their said business, was so negligently operated as to cause plaintiff's injuries, and that he himself was without fault. By separate answers defendants put in issue all the material

allegations of the complaint. Plaintiff must, therefore, to succeed upon the trial, prove that the motor car was being operated by all of the defendants or by some one of them for whose negligence the others are responsible because it was operated for them or in a business in which they were interested.

In his affidavit used to obtain the order for examination one of plaintiff's attorneys states upon information and belief that the motor car was owned by defendant Lena Greenbaum, and was being operated by defendant Edward Greenbaum upon the business of the American Taxicab Company, of which defendant Smith was proprietor.

The motion to vacate was based entirely upon the insufficiency of plaintiff's papers, there being no affidavit from either of the defendants.

It is thus quite apparent that plaintiff, before proceeding to trial, should be allowed to ascertain from the defendants themselves the precise relation existing between them with respect to this motor car and its operation at the time of this accident. The facts are known by defendants and are material and necessary to prove plaintiff's case.

We are asked to reverse the Special Term order and vacate the judge's order:

*First.* On the ground that the Special Term order was void because the application to vacate the judge's order was made to the judge who granted it and not to the court, and so the matter was not before the court at all.

It appears that the judge was holding a Special Term at the time the matter came on to be heard. No doubt he signed the order in form as a court order through inadvertence, not having his attention called to the fact that the motion was noticed to be heard by him at chambers. The form of the order in this respect would, no doubt, have been corrected had counsel seen fit to apply to have that done. That would have been the better practice. However, as the judge was, in fact, presiding at a Special Term for motions at the time he heard the application, I think we should assume, in the absence of proof to the contrary, that the matter was submitted at the Special Term by consent of counsel, or that the justice presiding had the right to so assume.

Under the circumstances, I think this order may, if necessary to sustain it, be treated here as a judge's order, the caption and entry being disregarded. (*Albrecht* v. *Canfield*, 92 Hun, 240; *Lowerre* v. *Owens*, 14 App. Div. 215; *Rosekrans* v. *Rosekrans*, 163 id. 730; *Sweeney* v. *O'Dwyer*, 197 N. Y. 499.)

I am also of opinion that it is good as a court order under the following clause added to section 768 of the Code in 1911: " Except in the First Judicial Department an order which is authorized by statute to be made at chambers may be made by the court." (Laws of 1911, chap. 763.) This order is one authorized to be made by statute, viz., section 772 of the Code.

*Second.* It is said that the affidavit on which the order for examination was based is insufficient.

Without detailing here the objections to the affidavit it is sufficient to say that within the authorities and the decisions of this court in *Eckman* v. *Lindbeck* (178 App. Div. 720) and *Terry* v. *Ross Heater & Mfg. Co., Inc.* (180 id. 714) we regard the affidavit as sufficient to meet the essential requirements of section 872 of the Code since the pleadings are deemed to have been before the Special Term (Code Civ. Proc. § 768, last clause) and since the case is one where plaintiff is clearly entitled to the examination.

The original order permitted too broad an examination, limited only by the issues in the action. This was corrected by the order appealed from so as to limit the examination to showing the relations between the defendants. This was a material modification of the original order, which justified defendants' motions. Under these circumstances, defendants should not have been charged with costs of the motions.

The orders should be modified by striking out the clauses granting motion costs to plaintiff upon each motion, and as so modified affirmed, without costs of this appeal to either party.

All concurred.

Order modified by striking out the clause granting costs to the plaintiff upon each motion and as so modified affirmed, without costs of this appeal to either party.